IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERIC K. BROOKS,

    Plaintiff,

v.                                    CASE NO. 4:19cv288-RH-MAF

AARON JAMES BLEVINS et al.,

    Defendants.

_____/


## ORDER DISMISSING THE FALSE-ARREST
## AND OFFICIAL-CAPACITY CLAIMS

Three officers participated in an arrest of the plaintiff Eric K. Brooks. In his amended complaint, Mr. Brooks alleges the officers lacked probable cause for the arrest and used excessive force. Mr. Brooks asserts claims under 42 U.S.C. § 1983 and names the three officers as defendants in both their individual and official capacities.

The defendants have moved to dismiss for failure to state a claim on which relief can be granted. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 24. I have reviewed de novo the issues raised by the objections.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

A state-court jury convicted Mr. Brooks of resisting the officers without violence. Mr. Brooks is serving a state-court sentence on this conviction. Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a prisoner serving a state sentence cannot properly pursue a § 1983 action that, if successful, necessarily would imply the invalidity of the state conviction, unless the conviction has been vacated in a separate proceeding.

The weight of authority supports the view that under Florida law, a resisting-without-violence conviction necessarily establishes the validity of the resisted

arrest. *See Olson v. Stewart*, 737 F. App'x 478, 483 n.6 (11th Cir. 2018) (stating that a person had "every right to resist without violence" a Florida arrest that was unlawful); *Stepanovich v. City of Naples*, No. 2:14-cv-270, 2016 WL 4920280 at *5 (M.D. Fla. Sept. 15, 2016) ("the underlying arrest must have been valid for a defendant to be guilty of resisting without violence"); *Miller v. State*, 636 So. 2d 144, 151 (Fla. 1st DCA 1994) (same); *J.G.D. v. State*, 724 So. 2d 711, 712 (Fla. 3d DCA 1999) (holding that a minor could properly resist an unlawful arrest without violence and that doing so thus was not an act of delinquency). *But see State v. Saunders*, 339 So. 2d 641, 642 n.2 (Fla. 1976) (holding that a resisting-*with*-violence conviction does *not* establish the validity of the underlying arrest).

In any event, in this case Mr. Brooks concedes the point—he concedes that a resisting-without-violence conviction establishes the validity of the underlying arrest. *See* ECF No. 24 at 4. This order accepts the concession. On this view, as the report and recommendation correctly concludes, *Heck* bars Mr. Brooks's false-arrest claim.

As the report and recommendation also correctly concludes, a claim against a city employee in the employee's official capacity is the equivalent of a claim against the city itself. A city is liable under § 1983 for an official's constitutional violation only if the violation was based on the city's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy.

*See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Mr. Brooks has not alleged facts sufficient to support the official-capacity claims.

This leaves for consideration the excessive-force claim against the individual officers.

The amended complaint alleges that an officer—the amended complaint does not allege which one—tased Mr. Brooks for no reason. The amended complaint alleges that two of the officers, the defendants Aaron J. Blevins and Glen Charles Farmer, unnecessarily dragged, punched, choked, and kicked Mr. Brooks. The allegation must be accepted as true for purposes of the motion to dismiss. This is sufficient, even without the tasing, to state an excessive-force claim on which relief can be granted against Mr. Blevins and Mr. Farmer.

The amended complaint alleges the other officer, the defendant Justin R. Hill, forcefully twisted Mr. Brooks's arms and handcuffed him so tightly that he lost all feeling and circulation in his hands, wrist, and arms. An allegation of tight handcuffing, without more, is insufficient to state a claim. Here, though, the amended complaint alleges forceful twisting of Mr. Brooks's arms, and the allegation is accompanied by allegations of unnecessary tasing, dragging, punching, choking, and kicking, albeit not by Mr. Hill. The allegations are sufficient, though just barely, to state a claim against Mr. Hill.

That Mr. Brooks has alleged only cuts, bruising, and swelling—not more substantial injuries—does not establish the absence of constitutionally excessive force. The issue is whether excessive force was used, not whether excessive injuries were inflicted. *See, e.g.*, *Saunders v. Duke*, 766 F.3d 1262, 1266-71 (11th Cir. 2014); *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008). The extent of injuries is relevant—there is often a correlation between force and injuries—but not necessarily dispositive. Thus, for example, force used unnecessarily, for the very purpose of inflicting pain, is unconstitutional, even when no lasting injury results. *See Saunders*, 766 F.3d at 1270. An extreme illustration: an arresting officer cannot waterboard a suspect, with or without resulting injury. A less extreme example: an officer cannot tase a suspect for no reason. That is one of the things Mr. Brooks alleges occurred here.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The motion to dismiss, ECF No. 16, is granted in part and denied in part.

3. The false-arrest claim is dismissed.

4. The excessive-force claim is dismissed against the defendants in their official capacities.

5. The excessive-force claim is not dismissed against the defendants in their individual capacities.

6. The defendants must file an answer within 14 days after this order is docketed.

7. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on July 26, 2020.

s/Robert L. Hinkle  
United States District Judge