# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ERIK K. BROOKS,

     Plaintiff,

v.                             CASE NO.  4:19cv288-RH-MAF

AARON JAMES BLEVINS et al.,

     Defendants.

_____/


## ORDER DISMISSING THE MEDICAL-CARE
## CLAIM AND DENYING SUMMARY JUDGMENT
## ON THE EXCESSIVE-FORCE CLAIM


This case arises from the arrest of the plaintiff Eric K. Brooks. In his first

amended complaint, Mr. Brooks asserted claims under 42 U.S.C. § 1983 for false

arrest, excessive force, and denial of medical care. Mr. Brooks named as

defendants the three officers who participated in the arrest, all in their individual

and official capacities.

The defendants moved to dismiss. The motion came before the court on the

magistrate judge's report and recommendation, which concluded all the claims

should be dismissed. The order of July 26, 2020 concluded the official-capacity

claims should be dismissed. On the individual-capacity claims, the order concluded

the false-arrest claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The

order accepted the conclusion in the report and recommendation that *Heck* did *not*

bar the excessive-force claim. The order did not explicitly address the medical-care

claim, even though the report and recommendation *did* address that claim. This

was an oversight in the drafting of the July 26 order; the report and

recommendation correctly concluded that claim should be dismissed, and the July

26 order did not discuss the claim because no further discussion was needed. This

order now explicitly holds that the amended complaint fails to state a denial-of-

medical-care claim against these defendants on which relief can be granted.

This leaves pending only the excessive-force claim against the individual

defendants. They have moved for summary judgment on that claim. The motion is

before the court on the magistrate judge's second report and recommendation. The

recommendation is to grant the motion essentially on the ground that *Heck* bars

this claim, too.

*Heck* bars a claim only if sustaining the claim necessarily would call into

question the validity of a state conviction that has not been set aside. Mr. Brooks

was convicted of resisting his arrest without violence, thus establishing, at least on

a view of Florida law accepted by Mr. Brooks, that the arrest was lawful. *See*

Order of July 26, 2020, ECF No. 25, at 3. Mr. Brooks also was convicted of

depriving an officer of a weapon—a taser. But these convictions do not answer the question whether the officers used excessive force. Sustaining Mr. Brooks's excessive-force claim would not necessarily be inconsistent with the convictions.

That the arrest was lawful establishes that the officers were entitled to use the force necessary to effect the arrest. But Mr. Brooks has testified that when he walked away from the officers—enough to constitute resisting without violence—the officers grabbed him and repeatedly punched him. Unnecessarily punching a person may constitute excessive force, even when there are good grounds to arrest the person. If, as Mr. Brooks has sworn, he was repeatedly and unnecessarily punched, he may be entitled to prevail on his excessive-force claim; *Heck* is not to the contrary. Similarly, that Mr. Brooks unlawfully deprived an officer of his taser does not answer the question whether, before or after doing so, Mr. Brooks was unnecessarily punched.

In short, there is a genuine dispute of material fact as to whether these officers used excessive force against Mr. Brooks. The officers are not entitled to summary judgment.

For these reasons,

IT IS ORDERED:

1. The medical-care claim is dismissed for failure to state a claim on which relief can be granted.

2. The defendants' summary-judgment motion, ECF No. 35, is denied.

3. The clerk must set a status conference by telephone for the first available date on or after August 9, 2021.

SO ORDERED on July 30, 2021.

s/Robert L. Hinkle
United States District Judge